UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SIDY CAMARA, a/k/a MOUSTAPHA
MAGASSOUBA,

                Petitioner,

- against -

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.

11 Civ. 8235 (KMK)(PED)

**REPORT AND RECOMMENDATION**

---

TO:    THE HONORABLE KENNETH M. KARAS,
        UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Sidy Camara, a/k/a Moustapha Magassouba ("Petitioner"), proceeding *pro se*, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner seeks relief from a 1996 Westchester County conviction for misdemeanor forgery, which was entered following his plea of guilty and for which he was sentenced to three years' probation and a fine.

Before the Court is Respondent's motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) (Dkt. 13). The matter comes before me pursuant to an Order of Reference dated December 1, 2011 (Dkt. 7). For the reasons set forth below, I respectfully recommend that Respondent's motion be **GRANTED** and the petition **DISMISSED**.

## II. BACKGROUND

**A.**    **Immigration Status and State Conviction**

Petitioner is a citizen of Guinea who entered the United States on a visitor's visa that authorized a period of stay until July 16, 1990. (See Resp't Affidavit in Supp. of 1st Mot. to Dismiss ("Resp't Aff."), at Ex. 1 (Dkt. 14).[1]

In 1996, Petitioner was indicted in Westchester County on charges of forgery, possession of a forged instrument, and criminal possession of stolen property. On March 19, 1996, Petitioner appeared with counsel and pled guilty, in full satisfaction of the indictment, to forgery in the third degree.[2] On August 13, 1996, Petitioner was sentenced to three years probation, as well as a fine and a surcharge. Petitioner did not appeal this conviction. (See id. at 4-5.)

In 2000, a bench warrant was issued due to Petitioner's failure to pay the fine.[3] On August 7, 2000, Petitioner was "re-sentenced" to time-served in lieu of the fine.[4] Petitioner did not appeal the re-sentence. (See Resp't Affirmation in Opp'n to Mot. to Vacate Conviction ("Resp't Affirm."), at 5-6 (Ex. 6).)

**B.     Federal Conviction**

---

[1] All exhibits cited herein are to Resp't Aff. (Dkt. 14).

[2] "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument." N.Y. Penal Law § 170.05.

[3] "In any case where the defendant fails to pay a fine . . . as directed the court may issue a warrant directing . . . a police officer, to take him into custody and bring him before the court." N.Y. Crim. Proc. Law § 420.10(3).

[4]
> In any case where the defendant is unable to pay a fine . . . imposed by the court, he may at any time apply to the court for resentence. In such case, if the court is satisfied that the defendant is unable to pay the fine . . . it must . . . [r]evoke the entire sentence imposed and resentence the defendant. . . .

N.Y. Crim. Proc. Law § 420.10(5)(d).

In 2003, Petitioner was indicted in the Southern District of New York on narcotics charges. On October 28, 2009, Petitioner was convicted, after a trial by jury, of participating in a heroin conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).[5] He was sentenced on November 24, 2009 to time served and three years of supervised release. (See Resp't Aff., at 7-8.)

Petitioner appealed, and the Second Circuit affirmed the federal conviction on May 11, 2011. See United States v. Magassouba, 433 F. App'x 10 (2d Cir. 2011). The Supreme Court denied Petitioner's request for writ of *certiorari* on October 3, 2011. Magassouba v. United States, 132 S. Ct. 386 (2011).

### C. Motion to Vacate State Conviction

In 2010, Petitioner moved to vacate his 1996 Westchester County conviction pursuant to N.Y. Crim. Proc. Law § 440.10.[6] The court denied the motion on November 10, 2010. (See Ex. 7.) Petitioner then sought reargument and/or renewal of his § 440 motion. (See Resp't Affirm., at 6.) The trial court denied the motion on March 11, 2011. (See Ex. 9.) The Second Department denied leave to appeal on July 7, 2011. (See Ex. 11.)

### D. Immigration Proceedings

In 2002, the Department of Homeland Security initiated removal proceedings against Petitioner. In 2004, those proceedings were administratively closed pending the outcome of Petitioner's federal criminal case. After Petitioner's 2009 federal conviction, he was taken into

---

[5] Respondent asserts the delay between indictment and trial was due to the court's finding that Petitioner was incompetent to stand trial until 2009. (See Resp't Aff., at 8 n.7.)

[6] "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment . . . ." N.Y. Crim. Proc. Law § 440.10(1).

3

immigration custody and the removal proceedings were reinstated. On May 27, 2011, an immigration judge denied Petitioner's application to terminate his removal and adjust his status, and ordered Petitioner removed.[7] (See Ex. 2.) On November 3, 2011, the Board of Immigration Appeals dismissed Petitioner's appeal. (See Ex. 3.)

### E. *Habeas Corpus* Petition

Petitioner signed his application seeking a federal writ of *habeas corpus* on November 7, 2011 while in immigration detention at a facility in Gadsden, Alabama. (See Pet. for Writ of Habeas Corpus Under 28 U.S.C. § 2254 & Compl. for Injunctive Relief ("Pet."), at 19 (Dkt. 2).) He argues therein that he received ineffective assistance of counsel during his 1996 criminal proceedings. Specifically, he asserts he was deprived his Sixth Amendment right to the effective assistance of counsel due to his attorney's failure to inform him of the deportation consequences of his conviction. He also asserts his plea was not voluntarily or intelligently entered. (See id. at 8-9.)

Respondent filed a motion to dismiss the petition on February 10, 2012 on the grounds that (1) this Court lacks subject-matter jurisdiction, and (2) the petition fails to state a claim upon

---

[7] An order of removal "may" be cancelled, and the nonpermanent resident alien's status adjusted, if the alien,

> [H]as been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application; . . . has been a person of good moral character during such period; . . . has not been convicted of an offense under section 1182(a)(2) . . . of this title . . . ; and . . . establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States . . . .

8 U.S.C. § 1229b(b)(1). Section 1182(a)(2) provides that "any alien convicted of . . . a crime involving moral turpitude . . . , or . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of . . . the United States . . . relating to a controlled substance (as defined in section 802 of Title 21)" shall inadmissible. Id. § 1182(a)(2)(A)(i)(I-II).

which relief may be granted. (See generally Mem. of Law in Supp. of Mot. to Dismiss ("Resp't Mem.") (Dkt. 15).) By papers dated February 23, 2012, Petitioner opposes Respondent's motion. (See generally Opp'n & Objection to Resp't Mot. to Dismiss & Req. Under 28 U.S.C. § 2284 ("Pet'r Mem.") (Dkt. 16).) At the time Petitioner filed his opposition, he was still in immigration detention in Alabama. (See id.)

### III. DISCUSSION

#### A. Applicable Legal Standards

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). Before a federal district court may review the merits of a state criminal judgment in a *habeas corpus* action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996).

Under AEDPA, a federal *habeas* court may review petitions that are filed on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). This "'in custody' language of § 2254(a) is jurisdictional." Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)); see also Ogunwomoju, 512 F.3d at 75 (§ 2254(a) "requires that habeas petitioners be in custody under a state conviction or sentence when they file for habeas relief"). Accordingly, "once a sentence

5

has fully expired, it is no longer subject to challenge by way of a petition for a writ of habeas corpus in federal court." Grant v. Keysor, No. 07-cv-9656, 2008 WL 5501207, at *3 (S.D.N.Y. Sept. 5, 2008);[8] see Maleng, 490 U.S. at 491 (emphasis in original) (the Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed").

**B.   Analysis**

Respondent first argues the petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) due to this Court's lack of subject-matter jurisdiction. Specifically, Respondent contends Petitioner fails to meet the "in custody" prerequisite of AEDPA because, at the time he filed his petition, his 1996 Westchester County sentence had expired. (See Resp't Mem., at 2-4.) In the alternative, Respondent argues the petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to Petitioner's failure to state a claim upon which relief may be granted. Specifically, Respondent contends Petitioner's order of removal is unrelated to his 1996 Westchester County conviction and, therefore, there is no relief which this Court could order that would affect his immigration status. (See id. at 5-7.)

Petitioner disputes Respondent's contention that this Court lacks subject-matter jurisdiction. Specifically, he argues that because his 1996 Westchester County conviction served as a basis for the denial of his request for cancellation of removal, he satisfies the "in custody" prerequisite of AEDPA. (See Pet'r Mem., at 2-3.) Petitioner also disputes Respondent's alternative argument that the petition should be dismissed for failure to state a claim. (See generally id. at 6-8.)

---

[8] Copies of unreported cases cited herein will be mailed to Petitioner. S.D.N.Y. Local Civ. R. 7.2; Lebron v. Sanders, 557 F.3d 76 (2d Cir. 2009).

1.   **Subject-Matter Jurisdiction**

Petitioner's application for federal *habeas* relief challenges his 1996 conviction for forgery in the third degree. That conviction resulted in a sentence of three years probation, a surcharge, and a fine. The sentence was "fully expired" when Petitioner filed his *habeas* petition in 2011.[9] Maleng, 490 U.S. at 491. Accordingly, Petitioner was not "in custody" under the state conviction he now challenges at the time his *habeas* petition was filed.

Rather, at the time Petitioner filed his *habeas* petition, he was detained in Alabama pursuant to an immigration hold and an order of removal. It is clear that such detention does not satisfy the jurisdictional "in custody" requirement of § 2254(a). The Second Circuit has specifically held "that one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254." Ogunwomoju, 512 F.3d at 75; see also id. (quoting Maleng, 490 U.S. at 492) (identifying deportation proceedings as "at best . . . collateral consequence[s] of conviction" which, once the challenged state court sentence has fully expired, "'are not themselves sufficient to render an individual in custody for the purpose of a habeas attack upon it'"). This holds true even where the challenged state court conviction served as a basis for deportation. See Triumph v. Conn., 308 F. App'x 550, 551-52 (2d Cir. 2009) (court lacked subject-matter jurisdiction where challenged 1994 state court conviction was fully served at the time the *habeas* petition was filed, the petitioner was in immigration detention at the time of the filing, and the challenged conviction served as grounds for the order of removal).

Accordingly, Petitioner's argument that AEDPA's custodial prerequisite is satisfied

---

[9] Petitioner's 2000 "re-sentence" was also fully served when the *habeas* petition was filed. In place of the previously imposed fine, Petitioner was simply re-sentenced to time-served.

7

because his 1996 conviction served as a basis for the denial of his application for a discretionary cancellation of the order of removal, is without merit.[10]

C.   **Petitioner's Request for a Three-Judge Panel**

In his opposition to Respondent's motion to dismiss, Petitioner invokes 28 U.S.C. § 2284 and requests that a three-judge panel convene "to hear and to determine this Action." (Pet'r Mem., at 1.) "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Petitioner's *habeas* petition challenges the constitutionality of his 1996 Westchester County conviction. Petitioner does not challenge the constitutional apportionment of any federal district or statewide legislative body, nor does Petitioner identify any statute requiring a three-judge panel to address the issues raised by Petitioner's *habeas* application or Respondent's motion to dismiss. Accordingly, there is no basis for a referral under § 2284.

---

[10] Because it is clear this Court lacks subject-matter jurisdiction, I do not address Respondent's alternative argument that the petition should be dismissed for Petitioner's failure to state a claim upon which relief may be granted. See United States *ex rel.* Kreindler v. United Techs. Corp., 985 F.2d 1148, 1156 (2d Cir. 1993) (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674 (2d Cir. 1990)) (dismissal for lack of subject-matter jurisdiction renders all other accompanying defenses and motions moot); see also, e.g., Hattley v. Goord, No. 02-cv-2339, 2003 WL 1700435, at *2 (S.D.N.Y. Mar. 27, 2003) (quoting Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)) ("[A] court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because 'a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'").

<09:00>

because his 1996 conviction served as a basis for the denial of his application for a discretionary cancellation of the order of removal, is without merit.[10]

C.   **Petitioner's Request for a Three-Judge Panel**

In his opposition to Respondent's motion to dismiss, Petitioner invokes 28 U.S.C. § 2284 and requests that a three-judge panel convene "to hear and to determine this Action." (Pet'r Mem., at 1.) "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Petitioner's *habeas* petition challenges the constitutionality of his 1996 Westchester County conviction. Petitioner does not challenge the constitutional apportionment of any federal district or statewide legislative body, nor does Petitioner identify any statute requiring a three-judge panel to address the issues raised by Petitioner's *habeas* application or Respondent's motion to dismiss. Accordingly, there is no basis for a referral under § 2284.

---

[10] Because it is clear this Court lacks subject-matter jurisdiction, I do not address Respondent's alternative argument that the petition should be dismissed for Petitioner's failure to state a claim upon which relief may be granted. See United States *ex rel.* Kreindler v. United Techs. Corp., 985 F.2d 1148, 1156 (2d Cir. 1993) (citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674 (2d Cir. 1990)) (dismissal for lack of subject-matter jurisdiction renders all other accompanying defenses and motions moot); see also, e.g., Hattley v. Goord, No. 02-cv-2339, 2003 WL 1700435, at *2 (S.D.N.Y. Mar. 27, 2003) (quoting Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)) ("[A] court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) should decide the jurisdictional question first because 'a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'").

## IV. CONCLUSION

Accordingly, for the reasons set forth above, I conclude – and respectfully recommend Your Honor should conclude – that Respondent's motion should be **GRANTED** and the petition **DISMISSED**.[11]

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Hon. Kenneth M. Karas, at the Hon. Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: March 13, 2012
White Plains, New York

---

[11] Because I have recommended that the petition be dismissed for lack of subject-matter jurisdiction, I have denied Petitioner's motion seeking court-appointed counsel (Dkt. 8) in an Order filed concurrently with this Report and Recommendation.

Respectfully Submitted,

_____
Paul E. Davison
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas
The Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Sidy Camara, a/k/a Moustapha Magassouba, *pro se*
A# 087-430-196 / Unit 4
Etowah County Jail
827 Forrest Avenue
Gadsden, Alabama 35901

Adrienne M. Chapoulie, Esq.
Office of the Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Boulevard
White Plains, New York 10601