UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

SIDY CAMARA, a/k/a MOUSTAPHA
MAGASSOUBA,

                Petitioner,

-against-

THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent.

Case No. 11-CV-8235 (KMK)

ORDER ADOPTING REPORT &
RECOMMENDATION

KENNETH M. KARAS, District Judge:

      Sidy Camara, a/k/a Moustapha Magassouba ("Petitioner"), proceeding pro se, brings this petition for a writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254 ("§ 2254"), challenging his 1996 conviction for misdemeanor forgery in White Plains City Court (the "1996 conviction"). (Pet. for Writ of Habeas Corpus 6-7 (Dkt. No. 2).) Petitioner pleaded guilty and was sentenced to three years' probation and a fine.

      Respondent moves to dismiss the Petition for lack of jurisdiction and failure to state a claim on which relief can be granted. (Dkt. No. 13.) The case was referred to Magistrate Judge Paul E. Davison for review, pursuant to 28 U.S.C. § 636(b). On March 13, 2012, Magistrate Judge Davison issued a Report and Recommendation ("R&R"), concluding that this Court should grant Respondent's motion to dismiss the Petition for lack of subject matter jurisdiction. (Dkt. No. 18.) Petitioner filed a timely objection to the R&R. (Dkt. No. 21.) For the reasons stated herein, the Court adopts the R&R in its entirety, and grants Respondent's motion to dismiss the Petition.

## I. Background

Although the Court assumes the Parties' general familiarity with the factual and procedural background of this case as set forth in the R&R, the Court will briefly summarize the facts most salient to the Petition.

In 1996, Petitioner was charged in White Plains City Court with forgery in the second degree, possession of a forged instrument in the second degree, and criminal possession of stolen property in the fourth degree, related to his alleged use of a stolen credit card to purchase over $3000 in merchandise. (Resp't's Aff. in Supp. of Mot. to Dismiss ("Resp't's Aff.") 4 (Dkt. No. 14).) Petitioner appeared in court with his counsel on March 19, 1996, and pleaded guilty to the class A misdemeanor of forgery in the third degree. (*Id.*) On August 13, 1996, Petitioner was sentenced to three years' probation and a fine. (*Id.* at 5.) Petitioner did not appeal this conviction. (*Id.*) Petitioner's file indicates that his three years' probation terminated on August 13, 1999. (*Id.*) Petitioner was returned on a warrant for failure to pay the fine portion of his sentence on August 2, 2000, and was "re-sentenced" on August 7, 2000 to time served, in lieu of the fine. (Resp't's Aff. Ex. 6, at 1 n.1.)

In 2002, the Department of Homeland Security ("DHS") initiated removal proceedings against Petitioner on the grounds that he had remained in the United States beyond his authorized period of stay, after entering the United States on June 17, 1990 as a nonimmigrant visitor. (Pet. Ex. C, at 2.)[1] Petitioner applied to terminate the removal proceedings pursuant to INA § 240A(b)(1) (codified at 8 U.S.C. § 1229b). (*Id.* at 1.) In response, DHS argued that Petitioner's 1996 conviction made him ineligible for cancellation of removal. (*Id.* at 3.) On

---

[1] DHS could have, but did not, charge Petitioner as removable due to his 1996 conviction. (Pet. Ex. C, at 2.)

2

May 27, 2011,[2] an immigration judge denied Petitioner's application, in part due to his 1996 conviction. (Resp't's Aff. Ex. 2, at 14.)[3] On November 3, 2011, the Board of Immigration Appeals dismissed Petitioner's appeal. (Resp't's Aff. Ex. 3.)

On September 14, 2010, Petitioner filed a New York Criminal Procedure Law § 440.10 ("§ 440.10") motion in White Plains City Court, seeking to vacate his 1996 conviction on the grounds that: (1) he received ineffective assistance of counsel, because he was not advised of the potential immigration consequences of his plea; and (2) his plea was "neither voluntary nor intelligible." (Pet. App'x 1, at 3.) On November 10, 2010, the court denied Petitioner's motion. (Resp't's Aff. Ex. 7; Pet. App'x 2.) Petitioner did not timely move for leave to appeal from this decision. (Resp't's Aff. 6.) Petitioner's motion to reargue/renew his § 440.10 motion was denied by White Plains City Court on March 11, 2011, (Resp't's Aff. Ex. 9; Pet. App'x 4), and leave to appeal was denied on July 7, 2011 by the Appellate Term of the Supreme Court of New York, (Resp't's Aff. Ex. 11; Pet. App'x 6).

On November 14, 2011, Petitioner filed the instant Petition, challenging his 1996 conviction on the grounds that his attorney's failure to inform him of the deportation consequences of his plea constituted ineffective assistance of counsel, pursuant to *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). (Pet. 2.) At that time, Petitioner was being held by Immigration and Customs Enforcement in the Etowah County Jail in Gadsden, Alabama, (*id.* at

---

[2] The delay in removal proceedings was due to Petitioner's arrest, trial, and 2009 conviction for violating federal drug laws. (Resp't's Aff. Ex. 2, at 2-3.) The Second Circuit affirmed the conviction on May 11, 2011. *See United States v. Magassouba*, 433 F. App'x 10 (2d Cir. 2011), *cert. denied*, 132 S. Ct. 386 (2011), *leave to file for reh'g denied*, 132 S. Ct. 1165 (2012).

[3] Petitioner also applied to adjust his immigration status pursuant to INA § 245, which was denied due to Petitioner's 2009 federal narcotics conviction. (Resp't's Aff. Ex. 2, at 6-8.)

3

1; Resp't's Aff. 4), although his current address on record with the Court is a P.O. Box in New York City.

On February 10, 2012, Respondent moved to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction. (Resp't's Mem. of Law in Supp. of Mot. to Dismiss 1 (Dkt. No. 15).) Specifically, Respondent contends that Petitioner fails to meet § 2254's requirement that a petitioner be "in custody" pursuant to the challenged conviction because, at the time he filed the Petition, Petitioner's sentence for the 1996 conviction had expired. (*Id.*) Respondent further argues that the Petition should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief can be granted. (*Id.* at 5.)

The case was referred to the Honorable Paul E. Davison. (Dkt. No. 7.) On March 13, 2012, Magistrate Judge Davison issued a thorough R&R advising this Court to dismiss the Petition in its entirety. Magistrate Judge Davison found that the Petition should be dismissed because the Court lacks subject matter jurisdiction, as Petitioner was not "in custody" for the 1996 conviction when he filed the Petition challenging the conviction, as required by § 2254(a). (R&R 7-8.) Because Magistrate Judge Davison found that the Court lacked subject matter jurisdiction, he did not address the merits of Respondent's Rule 12(b)(6) motion. (*Id.* at 8 n.10.)

Petitioner filed a timely objection to the R&R on April 20, 2012, arguing that this Court has jurisdiction over the proceedings (Pet'r's Obj. to R&R ("Obj.") 13), and that in the alternative, the Court should construe the Petition as a petition for a writ of error *coram nobis*, (*id.* at 18).[4]

---

[4] Petitioner applied for an extension of time to file his objection on March 23, 2012, and was given until April 24, 2012. (Dkt. No. 19.)

4

## II. Discussion

### A. Standard of Review

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made within 17 days after being served with a copy of the report and recommendation by mail, *see* 28 U.S.C. § 636(b)(1) (objection due within 14 days after service of report and recommendation); Fed. R. Civ. P. 72(b)(2) (same); Fed. R. Civ. P. 6(d) (granting three additional days when service is by mail).

Where a party timely objects to a report and recommendation, as Petitioner has done here, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).[5]

---

[5] Petitioner requested, in his Opposition to Respondent's Motion to Dismiss, that a three-judge panel convene pursuant to 28 U.S.C. § 2284 "to hear and determine this Action." (Pet'r's Opp'n 1 (Dkt. No. 16).) As noted by Magistrate Judge Davison, § 2284 requires "a district court of three judges . . . when otherwise required by Act of Congress, or when an action is filed

5

B. Analysis

1. Jurisdiction of Habeas Petition

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has interpreted this to mean that a habeas petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (quoting 28 U.S.C. § 2254(a)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492. At the time Petitioner filed his habeas petition in 2011, it is undisputed that he was no longer in custody under his 1996 sentence, which had long since expired.[6]

Petitioner argues that his detention at an Alabama immigration facility at the time he filed the instant Petition satisfies § 2254(a)'s "in custody" requirement. (Obj. 10-11.) However, the Second Circuit has held that "immigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254." *Ogunwomogu v. United States*, 512 F.3d 69, 70 (2d Cir. 2008).

---

challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Petitioner does not challenge the apportionment of congressional districts or a statewide legislative body with the instant Petition, nor does he identify any Act of Congress requiring a three-judge panel to hear the issues addressed here. There is therefore no basis for referral under § 2284.

[6] Regardless of whether the Court counts the August 13, 1999 or August 7, 2000 date as the termination of when Petitioner was "in custody," it is clear that he was not "in custody" under the 1996 conviction or sentence on November 14, 2011, when the instant Petition was filed.

6

Citing *Maleng*'s holding that collateral consequences are not sufficient to render an individual "in custody," the Second Circuit held that removal proceedings were "at best a collateral consequence of conviction." *Id.* at 75 (citing *Maleng*, 490 U.S. at 492).

Petitioner argues that this Court should apply *Padilla* retroactively and therefore reach the merits of his Petition. Putting aside whether *Padilla* should be applied retroactively, *see Dade v. Schneiderman*, No. 12-CV-2092, 2012 WL 2675009, at *1 (E.D.N.Y. July 05, 2012) (noting that the Second Circuit has yet to weigh in on *Padilla*'s retroactivity), Petitioner's argument fails. That Petitioner is not in custody for his 1996 conviction strips this Court of jurisdiction to consider the merits of the Petition (and whether *Padilla* should be applied in this case). *See Guzman v. United States*, No. 11-CV-2433, 2011 WL 6097128, at *3-4 (S.D.N.Y. Dec. 7, 2011) (dismissing for lack of jurisdiction habeas petition alleging ineffective assistance of counsel, noting that "collateral immigration consequences of a petitioner's conviction are not sufficient to satisfy this jurisdictional requirement," and that "[e]ven if [petitioner] were incarcerated by immigration authorities or subject to deportation, his sentence would not be challengeable on this basis alone"); *see also Mainali v. Virginia*, No. 11-CV-1215, 2012 WL 2619132, at *2-3 (E.D. Va. June 25, 2012) (holding that *Padilla* did not alter the custody requirement, and that a petitioner is not in custody after completing his sentence merely because he faces deportation); *Vasquez v. Ryan*, No. 11-CV-2300, 2012 WL 959354, at *5-6 (E.D. Pa. Mar. 21, 2012) (same); *Fenton v. Ryan*, No. 11-CV-2303, 2011 WL 3515376, at *2 (E.D. Pa. Aug. 11, 2011) (same); *United States v. Krboyan*, No. 10-CV-2016, 2010 WL 5477692, at *6-7 (E.D. Cal. Dec. 30, 2010) (same); *Walker v. Holder*, No. 10-CV-10802, 2010 WL 2105884, at *1 (D. Mass. May 24, 2010) ("Here, [petitioner] represents that he completed his sentence and is in custody — not as a sentenced prisoner — but as an immigration detainee. Because he has

7

completed his criminal sentence for the conviction which he seeks to challenge, [petitioner] is not 'in custody' for purposes of § 2254.").

Because the Court has determined that it lacks subject matter jurisdiction, it does not address Respondent's alternative argument that the Petition should be dismissed for failure to state a claim. *See United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) ("Where, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R. Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (internal quotation marks omitted)).[7]

## 2. Petition for Writ of Error Coram Nobis

Petitioner argues in the alternative that if the Court determines that habeas relief is improper, it should grant Petitioner a writ of error *coram nobis*. (Obj. 18.) This Court does not have the jurisdiction to issue a writ of error *coram nobis* as to Petitioner's 1996 conviction, as it took place in state court, and the Second Circuit has held that "federal courts lack jurisdiction to grant writs [of error *coram nobis*] with respect to state court judgments." *Ogunwomoju*, 512 F.3d at 75; *see also Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) (per curiam) (affirming denial of petition for *coram nobis* relief for lack of jurisdiction, where petitioner challenged state court judgment). If Petitioner wishes to pursue his petition for a writ of error

---

[7] Although the Court does not need to reach the merits, it notes that Petitioner has not explained how he could avoid removal, given that his 2009 federal narcotics conviction has been affirmed on appeal and would independently make him ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(C) (providing that an alien who has been convicted of certain offenses, including violation of narcotics laws, is not eligible for cancellation of removal).

8

*coram nobis*, he must do so in state court. *See Ogunwomoju*, 512 F.3d at 75 ("The writ traditionally has been utilized by courts to correct errors within their own jurisdiction.").

### III. Conclusion

For the reasons stated above, the Court adopts the conclusions of the R&R, and finds that it does not have jurisdiction to consider the instant Petition. Accordingly, it is

ORDERED that the R&R, dated March 13, 2012, is ADOPTED in its entirety. It is further

ORDERED that Respondent's Motion to Dismiss the Petition is GRANTED. It is further

ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED with prejudice. It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal, *see Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). It is further

ORDERED that the Clerk of the Court is respectfully directed to terminate the pending motion (Dkt. No. 13), and to close this case.

SO ORDERED.

Dated: White Plains, New York
August 9, 2012

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

**Service List (via mail):**

Sidy Camara
C/O Moustapha Magassouba
P.O. Box 2053
New York, NY 10027
Pro Se Plaintiff

John James Sergi, Esq.
Westchester County District Attorney
111 Dr. Martin Luther King, Jr. Blvd.
White Plains, NY 10601
(914)-995-4457
Fax: (914)-995-4672
Email: jsergi@westchesterda.net
Counsel for Respondent

Adrienne Marie Chapoulie, Esq.
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019
(212)-506-1742
Fax: (212)-506-1800
Email: achapoulie@westchesterda.net
Counsel for Respondent


**Copy To:**
Hon. Paul E. Davison
United States Magistrate Judge